UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY MCGEE<br><br>        Plaintiff,<br><br>    v.<br><br>ROB BONTA, and many others,<br><br>        Defendants. | Case No. 23-cv-2831-NC<br><br>**ORDER TO PLAINTIFF MCGEE TO SHOW CAUSE AS TO WHY HIS FILINGS SHOULD NOT BE UNSEALED**<br><br>Re: ECF 8, 9 |

On July 18, 2023, self-represented Plaintiff Anthony McGee filed two submissions with this court asking that they be filed ex parte and under seal. Specifically, McGee filed an amended complaint at ECF 8 and a letter at ECF 9.

This court is a public court and filings are presumptively accessible to the other parties to the case and to the public. Northern District of California Civil Local Rule 79-5 sets forth the procedural requirements for seeking to file materials under seal. Those rules are repeated here in part, with emphasis added in bold italics for McGee's attention:

> (a) **Right of Access.** The public has a right of access to the Court's files. This local rule applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal. A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and ***avoid wherever possible sealing entire documents*** (as opposed to merely redacting the truly sensitive information in a document).
>
> (b) **Necessity of Filing a Motion to Seal.** A party must file a motion to seal a document ***at the same time that the party submits the document***. Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal. A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal.

(c) **Contents of Motion to Seal.** Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.  A motion to seal a party's own document (as opposed to a document designated as confidential by another party, as discussed in subsection (f)) must be filed as an *Administrative Motion to File Under Seal in conformance with Civil L.R. 7-11*. This requirement applies even if the motion is joined by the opposing party. *The motion must include the following:*

1. *(1) a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of:*
   1. *(i)the legitimate private or public interests that warrant sealing;*
   2. *(ii)the injury that will result if sealing is denied; and*
   3. *(iii)why a less restrictive alternative to sealing is not sufficient;*
2. *(2) evidentiary support from declarations where necessary; and*
3. *(3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.*

Here, McGee did not file a motion to file under seal as required by Local Rule 79-5 and he has not established a basis to seal either his letter or amended complaint.  Indeed, it is extremely rare for a court to seal a complaint because the complaint puts the defendants and public on notice of the legal charge asserted by the plaintiff.

The court grants McGee until September 8, 2023, to file a motion, declaration, and proposed order in support of sealing. The court cautions McGee, however, that there is a presumption of public access and it is his burden to show a basis for sealing.  A personal preference is not sufficient.  If McGee does not properly support his sealing request by September 8, the court intends to unseal both ECF 8 and 9.  And future filings will not be filed under seal unless they are accompanied by a proper sealing motion.

**IT IS SO ORDERED.**

Dated:  August 21, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge